IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOE LESTER PENNINGTON,          *
#162 734

    Plaintiff,                          *

    v.                               *           2:11-CV-781-TMH
                                             (WO)
MAYOR OF PIKE COUNTY, *et al.*,    *

    Defendants.              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Ventress Correctional Facility located in Clayton, Alabama. In this 42 U.S.C. § 1983 action, he complains about events which occurred in July 2011 when he was transferred from the Pike County Jail to the custody of the Alabama Department of Corrections. Specifically, Plaintiff, who has sleep apnea and uses a CPAP (continuous positive airway pressure) machine while sleeping, alleges that Defendants violated his constitutional rights by refusing to allow him to transfer from the Pike County Jail to ADOC custody with his CPAP machine. Plaintiff complains that Defendants' actions placed him in a "life or death" situation and that sleeping without his CPAP machine makes for an uncomfortable sleep experience. Plaintiff names as defendants the Mayor of Pike County, the Pike County Commissioners, Sheriff Russell

Thomas, and Deputy Sheriff Austin Mallory. He requests trial by jury and seeks declaratory and injunctive relief as well as compensatory and punitive damages.[1] Upon consideration of the pleadings filed in this case, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

In 2006 Plaintiff was diagnosed with sleep apnea and was prescribed a CPAP machine "possibly for the rest of his life." Since 2006 Plaintiff has used the breathing device, including the time he was incarcerated at the Pike County Jail from May 19, 2011 through July 2011. Although originally informed by jail officials that he could take his CPAP machine with him upon his transfer to a state prison facility, on the day of departure Plaintiff complains that Defendant Mallory informed him that he would not be allowed to transfer with the breathing device. Jail officials allowed Plaintiff to arrange for pick up of his property. A friend of Plaintiff's picked up the CPAP machine and delivered it to Plaintiff's mother. Upon his arrival at the Kilby Correctional Facility ["Kilby"] for processing,

---

[1] The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff informed prison officials that he suffered from sleep apnea and that he was not allowed to bring his CPAP machine with him from the county jail. He states that medical staff at Kilby informed him that he should have been permitted to bring his breathing device. (*Doc. No. 1*.)

*A. Mayor of Pike County*

Plaintiff names the Mayor of Pke County as a defendant. No specific allegations, however, are made against this individual. Consequently, there is no basis on which the complaint may proceed against him. Further, the complaint may not proceed against this defendant based on his supervisory position. Claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell.*, 436 U.S. at 691; *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff must demonstrate either that the Mayor of Pike County directly participated in the alleged constitutional deprivations or that there is some other causal connection between this Defendant's acts or omissions and the alleged constitutional deprivations. *Brown*, 906 F.2d at 671; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) *(per curiam)*. Such a causal connection may be established by showing that the official or supervisor implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). An official or supervisor may also be subject to § 1983 liability when a history of widespread

abuse puts him on notice of the need to take corrective action and he fails to do so. *Brown*, 906 F.2d at 671; *Williams v. Cash*, 836 F.2d 1318, 1320 (11th Cir. 1988).

Plaintiff fails to allege facts indicating that Defendant Mayor of Pike County was directly involved in his alleged constitutional deprivations, nor does he allege that there was a custom, policy, or history of widespread abuse that would subject this defendant to liability under § 1983. Plaintiff, therefore, has failed to state a claim against the Mayor of Pike County, and he is due to be dismissed as a party to the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. Pike County Commissioners*

Plaintiff names the Pike County Commissioners as defendants. He makes no specific allegations against these individuals. Nonetheless, the court notes that county commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). In light of the foregoing, Plaintiff's claims against the commissioners of Pike County are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

*C.  The Medical Claim*

Plaintiff alleges that Defendant Mallory exhibited deliberate indifference to his medical condition where he knew or should have known that denying Plaintiff the ability to transfer with his CPAP machine would cause a serious medical deprivation and place him in a life or death situation. Plaintiff's medical care claim arises under the Eighth

Amendment's prohibition against cruel and unusual punishment. In order to show an Eighth Amendment violation in this context, Plaintiff must show that Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."). Plaintiff has not made such a showing.

Deliberate indifference in this context means that a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference). An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Moreover, deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Roger v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986); *Mandel v. Doe*, 888 F.2d 783, 787-88 (11th Cir. 1989). "Deliberate indifference encompasses only unnecessary and wanton infliction

of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff's recitation of the facts is insufficient to demonstrate deliberate indifference. Although Plaintiff was not personally allowed to transfer to state custody with his CPAP machine, the complaint reflects that he was given the opportunity to make arrangements for its pick up from the jail and it was subsequently placed in his mother's possession. His current custodians are responsible for the provision of his medical care and whether his condition requires use of a CPAP machine. Exhibits attached to Plaintiff's complaint reflect that he informed prison and medical personnel at Kilby of his desire to have a CPAP device and he received an appointment to see the prison physician. (*Doc. No. 1 at Attachments*.).

While Plaintiff's sleep without a CPAP machine may not be as comfortable as it is with one, he has not shown that Defendants acted with deliberate indifference to his serious medical needs when they failed to allow him to transfer to ADOC custody with the device. His factual allegations fail to establish that Defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; that they actually drew that inference; and that their response indicated that they subjectively intended that harm occur to Plaintiff. *See Farmer*, 511 U.S. at 837. To the extent that Plaintiff claims that Defendants "should have perceived" a risk of harm to him, but did not, such claim is of no moment since, as explained, the "failure to alleviate a significant risk that [the official] should have perceived, but did not," is insufficient to show deliberate indifference." *Farmer*,

511 U.S. at 838. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiff fails to allege facts sufficient to establish deliberate indifference which is fatal to his Eighth Amendment claim. Because Plaintiff's medical care claim lacks an arguable basis in law and in fact, it is due to be dismissed as frivolous. *See Neitzke v. Williams*, 489 U.S. 319 (1989).

*D.  The Property Claim*

Even if Plaintiff's complaint is considered to allege a violation under the Fourteenth Amendment for deprivation of property, he is still not entitled to relief in this § 1983 action. The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). In this case, Plaintiff's claim that county jail personnel failed to allow his transport to state custody with his CPAP machine, at best, shows only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 333;  *see also Whitley v. Albers,* 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . .safety").

Based on the foregoing, the court concludes that the alleged negligent action about

7

which Plaintiff complains does not rise to the level of a constitutional violation. It, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 14, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 30th day of September, 2011.


                          /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE